IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE BILLY SMITH                                                                                    PLAINTIFF

v.                                            Civil No. 5:20-cv-05079

CPL. CLINT HAM, ET AL                                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.  BACKGROUND

Plaintiff filed his original Complaint on April 28, 2020.  (ECF No. 1).  On July 6, 2020, the Court ordered Plaintiff to file an Amended Complaint by July 20, 2020.  (ECF No. 7).  Plaintiff filed an Amended Complaint on July 15, 2020.  (ECF No. 9).

On July 24, 2020, the Court ordered Plaintiff to file a second amended complaint by August 7, 2020.  (ECF No. 10).  In the Order, the Court noted that Plaintiff omitted page seven (7) from his first Amended Complaint.  Plaintiff's Second Amended Complaint was filed on August 10, 2020.  (ECF No. 11).

In the Second Amended Complaint, Plaintiff names as Defendants the following individuals:  Officer Clint Ham, Madison County Prosecutor Brent Bryan, Madison County Deputy Sheriff Jonathen Cornelison, and Madison County Deputy Sheriff Russell Alberts.  (ECF No. 11).

In Plaintiff's first cause of action, he asserts that his 4th Amendment rights were violated by Defendant Clint Ham with respect to an incident on July 10, 2019. Plaintiff names Defendant Ham in both is personal and official capacities. Plaintiff states that Defendant Ham "searched my car and personal belongings without a warrant or my permission took a cell phone and my med. marijuana arrested me and later charged me and gave me charges for the phone and med. marijuana." (ECF No. 11 at 4). With respect to his official capacity claim, when asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states: "[i]tems took from my car without warrant or my permission after I told him he was not allowed to enter my car." (ECF No. 11 at 5).

In Plaintiff's second cause of action, he asserts that his 14th Amendment rights were violated when evidence was illegally obtained. Plaintiff names Madison County Prosecutor Brent Bryan as Defendant to this claim and states July 10, 2019 through June 22, 2020 as the dates of occurrence. Specifically, when asked to describe the acts or omissions that form the basis for his claim, Plaintiff states "[f]ailure to follow due process was forced to except (sic) prison time for an illegally obtained phone and info on phone. I received 30 yrs prison time and I am still waiting for sentence on med. marijuana." (ECF No. 11 at 5). With respect to his official capacity claim, when asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states: "The prosecutor did not investigate evidence to make sure it was obtained with a search warrant and continues to not follow proper procedure." (ECF No. 11 at 6).

In Plaintiff's third claim, Plaintiff states that his 4th Amendment rights were violated on July 10, 2019 by Defendants Deputy Jonathen Cornelison and Deputy Russell Alberts. Specifically, Plaintiff states "[t]hey search my car and personal belongings inside my car without a warrant or my permission took a cell phone and my med. marijuana arrested me and charged me

for the phone and the marijuana." (ECF No. 11 at 6). With respect to his official capacity claim, when asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states: "Items took from my car and took out of my personal belongings without warrant or permission after I told them they were not allowed to go in my car." (ECF No. 11 at 7).

Plaintiff seeks compensatory and punitive damages. He states: "I want all 4 to resign from their jobs and $500.00 dollars a day from July 10, 2019 and $545.00 a week from the week of July 10, 2019 until this is settled and all of their back case log investigated." (ECF No. 11 at 7).

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

Plaintiff's claims against Madison County Prosecutor Brent Bryan are subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation.  *Id*. at 428.  This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken.  *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** with respect to **Separate Defendant Brent Bryant**.

Service on the remaining claims will be directed through a separate order.

**IT IS SO ORDERED** this 24th day of August 2020.

*/s/P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE

4