IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE BILLY SMITH                                                                                         PLAINTIFF

v.                                            Civil No. 5:20-cv-05079

CPL. CLINT HAM, ET AL                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 26), and the parties' various responses and replies thereto. (ECF No. 30, 33, 34). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Defendants' Motion is now ripe for decision.

### I.  FACTUAL BACKGROUND

Two causes of action remain in this matter.[1] First, Plaintiff asserts his Fourth Amendment rights were violated by Defendant Clint Ham with respect to an incident on July 10, 2019; Plaintiff names Defendant Ham in both his personal and official capacities. Plaintiff states that Defendant Ham "searched my car and personal belongings without a warrant or my permission took a cell phone and my med. marijuana arrested me and later charged me and gave me charges for the phone and med. marijuana." (ECF No. 11 at 4). With respect to his official capacity claim and when asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states: "Items took from my car without warrant or my permission after I told him he was not

---

[1] Plaintiff's claim against Madison County Prosecutor Brent Bryan was previously dismissed. (ECF No. 12). A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachhtman*, 424 U.S. 409 (1976).

allowed to enter my car." (ECF No. 11 at 5). Plaintiff additionally contends his Fourth Amendment rights were violated on July 10, 2019, by Defendants Deputy Jonathen Cornelison and Deputy Russell Alberts. Specifically, Plaintiff states "[t]hey search my car and personal belongings inside my car without a warrant or my permission took a cell phone and my med. marijuana arrested me and charged me for the phone and the marijuana." (ECF No. 11 at 6). With respect to his official capacity claim, when again asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states: "Items took from my car and took out of my personal belongings without warrant or permission after I told them they were not allowed to go in my car." (ECF No. 11 at 7). Plaintiff seeks injunctive relief and compensatory and punitive damages, stating "I want all 4 to resign from their jobs and $500.00 dollars a day from July 10, 2019, and $545.00 a week from the week of July 10, 2019, until this is settled and all of their back case log investigated." (ECF No. 11 at 7).

Defendants claim they are entitled to summary judgment, arguing that (a) pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), the Plaintiff's claim with respect to an alleged illegal search cannot proceed; (b) the Defendants are entitled to the protections of qualified immunity; and (c) there is no basis for official capacity/county liability. (ECF No. 26). Defendants provide several exhibits in support of their Motion: (1) the Affidavit of Russell Alberts (ECF No. 28-1); (2) the Affidavit of Clint Ham (ECF No. 28-3); and (3) Plaintiff's arrest and criminal records from Madison County, Arkansas (ECF No. 28-4).

Plaintiff responded to the Defendants' Motion, attaching his Affidavit in support and denying Defendants are entitled to summary judgment. (ECF No. 30 at 10). Subsequently, Defendants filed a Reply (ECF No. 33), and Plaintiff filed a Sur-reply. (ECF No. 34).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. UNDISPUTED MATERIAL FACTS

After reviewing the parties' submissions, the Court finds the following material facts undisputed:

On July 10, 2019, Crimes Against Children Division (CACD) investigators received a phone call from a minor regarding alleged abuse by the Plaintiff. (ECF No. 28-1; 28-3; 28-4).

Investigator Dale Chiddister arrived at the Plaintiff's home and met with the victim who

3

made a verbal statement that she was being assaulted by Plaintiff and gave details of the abuse. (ECF No. 28-1; 28-3; 28-4). During the interview, the victim stated Plaintiff had shown her pornography on his phone. *Id*.

The Plaintiff was located on his way to his residence and arrested for failure to comply with sex offender registration requirements.[2] (ECF No. 28-1; 28-3; 28-4). A search for the cellular device was conducted at that time; Defendants searched the Plaintiff's vicinity[3] in the vehicle looking for cellular and electronic devices that Plaintiff may have had in his possession. *Id*. The Plaintiff's phone was discovered and seized. *Id*. During the search, marijuana was also discovered in a lunchbox. *Id*.

On July 11, 2019, a search warrant was prepared and submitted to District Court Judge Dale Ramsey for the cell phone and its contents. (ECF No. 28-1; 28-3; 28-4). The search warrant was executed, and a digital image of the phone created. Examination of the data revealed the Plaintiff had utilized his cell phone to navigate to and view a pornographic web site which contained child pornography (children under the age of 18 in sexually explicit poses) and child pornographic images (image of a child under the age of 18 in sexually explicit poses). *Id*.

Plaintiff was advised of his constitutional rights which he then waived. (ECF No. 28-1; 28-3; 28-4). Plaintiff admitted to failing to comply with the registration requirements, viewing child porn on his phone, and using the VPN's for dating apps. *Id*. Marijuana charges were initiated but were ultimately *nolle prossed*. *Id*.

On June 24, 2020, Plaintiff pled guilty to second degree sexual assault, computer child

---

[2] In his pleadings, Plaintiff seems to dispute the reason for his arrest on July 10, 2019. (ECF No. 30 at 4; 34 at 11). Plaintiff's Amended Complaint does not assert that his constitutional rights were violated due to an unlawful arrest. (ECF No. 11). Accordingly, the particulars of Plaintiff's arrest are immaterial to the Court's consideration of Defendants' motion.

[3] Plaintiff disputes the search of his car was limited to his immediate "vicinity." (ECF No. 30 at 4-5, 12, 14; 34). This particular fact is immaterial to Defendants' argument for summary judgment.

pornography, and failure to comply to registration and reporting requirements. (ECF No. 28-1; 28-4). None of Plaintiff's convictions have been overturned.

## IV. DISCUSSION

### A. *Heck v. Humphrey*

Plaintiff argues his constitutional rights were violated when his car and personal belongings were searched illegally at the time of his arrest, resulting in the seizure of Plaintiff's cell phone and marijuana and subsequent warrant to examine the contents of Plaintiff's cell phone.

According to the United States Supreme Court, a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Only where a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, should it be allowed to proceed. The *Heck* doctrine has been applied to bar claims for injunctive or declaratory relief and damages. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). *See also Thomas v. Eschen*, 928 F.3d 709, 711 (8th Cir. 2019); *Portley-El Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

Plaintiff has not alleged any of these convictions have been invalidated by the highest state court or through a federal *habeas* proceeding. While a § 1983 action for illegal search is not categorically barred by *Heck*,[4] in this case, Plaintiff pled guilty to computer child pornography

---

[4] In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction due to doctrines such as independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S. at 487 n. 7. "In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the

5

based upon images on his cell phone that were recovered in the search. A determination that the search was invalid would undermine the validity of his conviction, in direct contravention of *Heck*.[5]

Accordingly, Plaintiff's illegal search and seizure claims are barred by the *Heck* doctrine. Plaintiff may not use the civil rights statute as a substitute for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confirmation).

### B. Official Capacity Claims

Plaintiff sued Defendants in their official capacity. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Madison County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a respondeat superior theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Madison County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom,

---

search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)." *Id*. The Eighth Circuit has interpreted this footnote to create a *general* exception. *See also, Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996)("Because harmless error analysis applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will not necessarily demonstrate the invalidity of his conviction.").
[5] Plaintiff seeks both injunctive relief and compensatory damages. Plaintiff appears to seek compensatory damages to remedy "the 'injury' of being convicted and imprisoned." *Heck*, 512 U.S. at 487 n. 7.

policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Here, Plaintiff has failed to produce any evidence of a policy or custom of Madison County that contributed to the alleged violation of Plaintiff's constitutionally protected rights. Accordingly, Plaintiff's claims against Defendants in their official capacities fail as a matter of law and Defendants are entitled to summary judgment on those claims.[6]

## IV. CONCLUSION

For the reasons stated above, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 26) be **GRANTED;** Judgment entered in favor of Defendants and Plaintiff's claims dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of July 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[6] Because there was no violation of Plaintiff's constitutional rights, it is unnecessary for the Court to address the issue of qualified immunity.